IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

STACEY MORRIS for
MICHAEL B. MORRIS, Deceased                                              PLAINTIFF

          v.                    CIVIL NO. 2:18-CV-2068
ANDREW M. SAUL, Commissioner,
Social Security Administration[1]                                         DEFENDANT

## MEMORANDUM OPINION AND ORDER

Pending now before this Court is Plaintiff's Motion for Attorney Fees Under the Equal

Access to Justice Act ("EAJA"). (ECF Nos. 19, 20).

On April 7, 2019, Plaintiff filed a motion for attorney's fees and costs under 28 U.S.C. §

2412, the Equal Access to Justice Act (hereinafter "EAJA"), requesting $6,330.80, representing a

total of 32.3 attorney hours for work performed in 2018 and 2019 at an hourly rate of $196.00.

(ECF No. 19-1). On June 28, 2019, the Defendant filed a response voicing no objections to

Plaintiff's request for fees. (ECF No. 21).

It is the opinion of the undersigned that the Plaintiff is entitled to a fee award in this case,

as she is the prevailing party, the government's decision to deny benefits was not "substantially

justified," the hourly rate requested for attorney hours does not exceed the CPI for either year in

question, and the time asserted to have been spent in the representation of the Plaintiff before the

district court is reasonable. *See Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986) (burden is

on the Commissioner to show substantial justification for the government's denial of benefits);

*Johnson v. Sullivan*, 919 F.2d 503 (8th Cir. 1990) (the hourly rate may be increased when there is

---

[1] Andrew M. Saul **Error! Main Document Only.**became the Commissioner of the Social Security Administration on June 17, 2019, and he is substituted as Defendant in this action pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

"uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than $75.00 an hour); and, *Allen v. Heckler,* 588 F.Supp. 1247 (W.D.N.Y. 1984) (in determining reasonableness, court looks at time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and, the amount involved). Accordingly, Plaintiff is entitled to an attorney's fee award under EAJA in the amount of $6,330.80.

Pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 596 (2010), the EAJA fee award should be made payable to Plaintiff. However, as a matter of practice, an EAJA fee made payable to Plaintiff may properly be mailed to Plaintiff's counsel.

The parties are reminded that, in order to prevent double recovery by counsel for the Plaintiff, the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406.

**IV.** **Conclusion:**

Based upon the foregoing, Plaintiff is awarded the sum of **$6,330.80** for attorney's fees pursuant to the EAJA, 28 U.S.C. § 2412.

Dated this 29th day of July, 2019.

*/s/ P. K. Holmes* III
P. K. HOLMES, III
U.S. DISTRICT JUDGE